**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID RAMSEY,

    Plaintiff,

v.                                                        Case No. 10-13963

CITY OF LINCOLN PARK, et al.,

    Defendants.
                                                         /

**OPINION AND ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS**

Pending before the court is Plaintiff's complaint, filed on October 4, 2010, which alleges the following counts:

- Counts I-IV, deprivations of constitutional rights secured by the Fourth and Fourteenth Amendments and actionable under 42 U.S.C. § 1983;

- Count V, conspiracy to deprive of constitutional rights secured by the Fourth and Fourteenth Amendments and actionable under 42 U.S.C. § 1985;

- Count VI, malicious prosecution in deprivation of rights secured by the Fourth and Fourteenth amendments and actionable under 42 U.S.C. § 1983;

- Count VII, malicious prosecution under Michigan law;

- Count VIII, assault and battery under Michigan law.

- Count IX, false arrest and false imprisonment under Michigan law.

- Count X, deprivations of constitutional rights secured by the Fourth and Fourteenth Amendments and actionable under 42 U.S.C. § 1983 against a municipality based upon a policy or custom of the municipality.

As a preliminary matter, the court has original jurisdiction over Plaintiff's claims invoking § 1983 and § 1985. 28 U.S.C. § 1331. Because Plaintiff's state law claims arise out of the same incident and share a common nucleus of operative fact, the court could exercise its supplemental jurisdiction over the state law claims. The law has long held, however, that supplemental (formerly "pendent party") jurisdiction may be denied if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. 28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1968).

Plaintiff's state law claims do not have original jurisdiction in federal court. The inclusion of Plaintiff's state claims with Plaintiff's federal claims for infringement of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 could lead to jury confusion, judicial inefficiency, inconvenience to the parties, and an unfair outcome. Additionally, these claims would predominate over Plaintiff's § 1983 and § 1985 federal claims. Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claims. Having carefully reviewed the complaint, the court concludes that accepting the state law claims under supplemental jurisdiction is not in the interest of judicial economy, convenience, fairness, and comity. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998).

Litigation in federal court that mixes federal law claims with supplemental state law claims can cause procedural and substantive problems; in the interests of judicial economy and convenience, these problems should be avoided. Even where the federal and state claims arise out of the same factual background, the simultaneous

litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury, result in inconsistent verdicts, and cause post-trial problems with respect to judgment interest and the availability of prevailing party attorney fees. The apparent judicial economy and convenience to the parties of a court exercising supplemental jurisdiction over state claims may be substantially offset by problems simultaneously created.

The court finds that the circumstances present in this case create a likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome. Although some duplication of effort may be required if Plaintiff decides to pursue all claims, any advantages to be gained by trying all claims together are outweighed by the potential for confusion of the issues, legal theories, and defenses. The court will not exercise supplemental jurisdiction and will dismiss without prejudice all state law claims. Accordingly,

IT IS ORDERED that all of Plaintiff's state law claims including, without limitation, claims of malicious prosecution (Count VII), assault and battery (Count VIII), and false arrest and false imprisonment (Count IX), are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that only Plaintiff's claims arising under 42 U.S.C. § 1983 (Counts I-IV, Count VI, and Count X) and 42 U.S.C. § 1985 (Count V) now remain before this court.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 12, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 12, 2010, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522